## APPEAL FROM OVERRULING OF MOTION TO DISSOLVE ATTACHMENT.

Circuit Court of Hamilton County.

WILLIAMS v. McCARTNEY.

Decided, July, 1907.

*Attachment—Motion to Dissolve Overruled by Magistrate—Procedure on Appeal to the Common Pleas—Section 6494.*

Where property is held by a justice of the peace under attachment and an appeal is taken from the overruling of the motion to dissolve the attachment, the proper procedure under Section 6494 is for the common pleas to determine within three days whether the action of the justice in overruling the motion was right and the decision with the original papers returned to the justice to be entered by him on his docket as the final determination of the motion.

SWING, J.; GIFFEN, J., and SMITH, J., concur.

This was an action before a justice of the peace in attachment. After the attachment was made the defendant moved to discharge the attachment, which motion the justice overruled. Thereupon the defendant appealed the question to the court of common pleas. This may be done under Section 6494, Revised Statutes. This section provides that the question as to whether the judgment of the justice was right may be taken to the court of common pleas, where it shall be heard by the court or a judge within three days; and the decision is to be returned with the original papers to the justice, and is to be entered by him on his docket as the final determination of the motion.

It is quite clear from the provision of this section that all the court or a judge of the court of common pleas can do so when the matter is brought before him is to ascertain whether the provision of the statute has been comlpied with, and if so, to proceed to determine whether the justice did right in overruling the motion, and to transmit his decision to the justice. There is no case pending in the court of common pleas. The case itself is still pending before the justice. It is not in the court

of common pleas for any purpose of a trial, is not to be heard upon evidence, is not subject to motion or demurrer; the only question is whether the justice ruled rightly in overruling the motion to discharge the attachment.

When this matter came into the hands of the clerk of the court of common pleas it was regularly docketed as a case pending in that court; was continued on application from time to time, and finally on motion of plaintiff, McCartney, the appeal was "dismissed, set aside and wholly held for naught" at the costs of the defendant, Williams.

This action was unauthorized, and the plain provision of the statute was disregarded. The court should have either affirmed the ruling of the justice, or reversed it, and sent its decision together with the original papers back to the justice, which judgment of the court the justice was bound to enter as his final determination of the motion. After this was done, but not until then, the defendant, Williams, would have had the right to go to a higher court on the whole case. But the way the case stands now, Williams having appealed from the judgment of the justice on the motion to discharge the attachment, and there being no question as to the form of the appeal having been proper, there is no final judgment of the justice on this question.

The judgment of the court of common pleas will be reversed, and we suggest that the court proceed in the manner above indicated.